**UNITED STATES of America, Plaintiff,**

v.

**Jorge Armando
AGUILAR–PEÑA, Defendant.**

**Cr. No. 87–617 (JAF).**

United States District Court,
D. Puerto Rico.

March 23, 1988.

AUSA José Gaztambide, San Juan, Puerto Rico, Daniel López Romo, U.S. Atty., U.S. Dept. of Justice, for plaintiff.

Luis A. Medina Torres, San Juan, Puerto Rico, for defendant.

## SENTENCING FINDINGS

FUSTE, District Judge.

This defendant, having been duly represented by counsel, entered a plea of guilty on January 21, 1988 as to Count 3 of Criminal Indictment No. 87–617, filed in this court on November 12, 1987. The indictment charges him with a violation to 21 U.S.C. sec. 955, that is, possession of a controlled substance on board an aircraft arriving at the United States from Colombia, with final destination in Europe, a Class "B" felony which carries a statutory maximum penalty of twenty (20) years imprisonment, with no minimum term, and/or a $1 Million fine, plus a supervised release term of at least three (3) years. Furthermore, pursuant to 18 U.S.C. sec. 3013, a special monetary assessment in the amount of $50.00 must be imposed.

Based upon a total offense level of sixteen (16) and a criminal history category of One (1), the guideline imprisonment range pursuant to the Sentencing Commission Guidelines Manual is imprisonment from twenty-one (21) to twenty-seven (27) months; a minimum fine of $5,000, and a maximum fine of $1 Million. According to the statutory provisions contained in 18 U.S.C. sec. 3561(a)(1), the defendant is not eligible for probation, since he stands convicted for a Class "B" felony.

The defendant has been in custody since November 5, 1987 and most likely will be deported by the U.S. Immigration and Naturalization Service upon completion of the imprisonment term which will be imposed. The controlled substance object of the offense was cocaine. The information supplied by the Drug Enforcement Administration, based on laboratory results, establishes that the cocaine transported in international commerce with a stopover in San Juan, Puerto Rico had a net weight of 179.5 grams, with a purity strength of 91%.

After taking into consideration all the aspects of the case, it is, therefore, ADJUDGED in Count 3 of Criminal Case No. 87–617 that the defendant, Jorge Armando Aguilar–Peña, is hereby committed to the custody of the Attorney General of

the United States or his authorized representative, for imprisonment for a period of four (4) years or forty-eight (48) months. A term of supervised release of three (3) years, as well as the special monetary assessment in the amount of $50.00 are also imposed. There are two special conditions to this sentence: (1) It is a special condition that upon expiration of the period of confinement, the defendant shall be delivered to a duly authorized Immigration officer for deportation purposes; (2) it is a special condition of the defendant's supervised release term that the defendant will not commit any other federal, state or local offense if he remains within the jurisdiction of the United States. Once the defendant is deported, he shall not reenter the United States, its territories or possessions unless previous written permission is obtained from the Attorney General of the United States or his authorized representative and from this court pursuant to 18 U.S.C. sec. 3583(d)(3).

▪ We have departed from the sentencing guidelines in this case. Under 18 U.S. C. sec. 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guidelines if the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. Sections 5K2.0–5K2.14 establish fourteen criteria to be followed in departing. It is very clear from the Sentencing Commission Manual, at page 5.36, that the circumstances that may warrant departure from the guidelines cannot, by their very nature, be comprehensively or exhaustively listed and analyzed in advance. Therefore, the fourteen criteria for departure established in the manual are *numerus apertus* and not *numerus clausus.*

We now find that it would be against our judicial conscience to sentence an international cocaine trafficker to imprisonment within the guideline range of twenty-one (21) to twenty-seven (27) months. It is a well-known fact in this community that Puerto Rico is being utilized by South American drug traffickers as a convenient stopover point for the distribution of narcotics into the Continental United States and other places in the world via commercial, scheduled airline flights. The airplane lands in San Juan for a refueling stopover, there is no need to change planes contrary to what happens at the Miami International Airport or at the John F. Kennedy International Airport in New York, the baggage remains on board, and passengers are asked to stay in an in-transit lounge until the airplane refuels. The in-transit passengers are not routinely checked by U.S. Customs; however, the nervous demeanor of the defendant prompted an inspection and the cocaine was found contained within the inner soles of a pair of black shoes worn by the defendant.

We have considered that judges of this court preside over this type of case on a very frequent basis. It is our honest judicial conviction that departure from the guidelines is warranted in order to discourage the utilization of the Puerto Rico International Airport, an airport with lesser law-enforcement capabilities than those in the mainland, as a connecting point for international narcotics trafficking and/or for introduction of narcotics into the Continental United States. Sentence within the guidelines in a case of this nature would also be in violation of the Puerto Rico public sentiment, feelings, and mores regarding this type of crime.

The defendant was apprised of his right to appeal from these sentencing findings and sentence.

A copy of these sentencing findings will be notified to the Bureau of Prisons as part of the criminal sentence, to the Probation Officer of this court, and to the U.S. Sentencing Commission.

IT IS SO ORDERED.